JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
USA Table Tennis, Cedar Rapids Table Tennis Club, Meny Yu-Wang, Bowmar Sports, Inc.

**(b)** County of Residence of First Listed Plaintiff  State of Colorado
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David B. Lally, Esq., P.O. Box 355, Wilmington, NY 12997, 949-500-7409, Davidlallylaw@gmail.com

**DEFENDANTS**
National Basketball Courts, LLC, dba NB Courts, Joseph Nelson, Jordan Boreman

County of Residence of First Listed Defendant  Oakland, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| ☒ 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury -Medical Malpractice / 385 Property Damage Product Liability | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| 196 Franchise | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | 440 Other Civil Rights / **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 445 Amer. w/Disabilities–Employment / 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other / **OTHER** | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 448 Education / 540 Mandamus & Other | | | |
| | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee– Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation–Transfer
☐ 8 Multidistrict Litigation–Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of contract to use sports facility, event canceled 12 hours before event to begin.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.
DEMAND $ 300,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*:
JUDGE
DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
*(Place an "X" in One Box Only)*
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA-MCKINLEYVILLE

DATE 01/15/2018         SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

David Brian Lally, Esq., Bar No. 145872
Law Office of David Brian Lally
26895 Aliso Creek Rd., #B663
Aliso Viejo, CA 92656
Telephone 949-500-7409
Facsimile 949-861-9250
Davidlallylaw@gmail.com

Attorney for Plaintiffs
USA Table Tennis, Cedar Rapids Table Tennis Club, Meng-Yu Wang, BOWMAR, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| USA TABLE TENNIS, CEDAR RAPIDS TABLE TENNIS CLUB, MENG-YU WANG, BOWMAR, SPORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL BASKETBALL COURTS, LLC, dba NB COURTS, JOSEPH NELSON, JORDAN BOREMAN,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES FOR<br>1. BREACH OF CONTRACT;<br>2. NEGLIGENCE;<br>3. UNFAIR BUSINESS PRACTICES; AND<br>4. FRAUD;<br><br>Status Conference<br>Date: To Be Set<br>Time:<br>Ctrm: |

USA Table Tennis ("USATT"), BOWMAR Sports ("BOWMAR"), Meng-Yu Wang ("Wang") and the Cedar Rapids Table Tennis Club ("CRTTC") file their Complaint for (1) Breach of Contract; (2) Negligence; (3) Unfair Business Practices; and (4) Fraud, against all Defendants. Plaintiffs are seeking compensatory and punitive damages against all Defendants.

## I.

## STATEMENT OF JURISDICTION AND VENUE

1. Plaintiff USA Table Tennis is an organization headquartered in Colorado Springs, CO., and conducts business in all 50 States in the United States.

2. Plaintiff BOWMAR is a Corporation organized under the laws of the State of North Carolina and conducts business in the State of California.

1

3. Plaintiff Wang is an individual residing in the State of Kansas.

4. Plaintiff CRTTC is an LLC conducting business in the states of Iowa and California, and is a USATT Sanctioned or Affiliated club. Wang is the sole Member of CRTTC.

5. All Plaintiffs consent to the jurisdiction of this Court.

6. Defendant National Basketball Courts, dba NB Courts, Inc. ("NB Courts") is, and at all times mentioned herein was, a company conducting business in Livermore, Ca and in this District. NB Courts is an LLC registered in the State of California as number 201402910140.

7. Defendant Joseph Nelson ("Nelson") is, and at all times mentioned herein was, an individual residing in the State of California, and in this District. Nelson is an owner and Member of NB Courts. As a Member of NB Courts, Nelson is liable for the actions of NB Courts.

8. Defendant Jordan Boreman ("Boreman") is, and at all times mentioned herein was, an individual residing in the State of California, and in this District. Boreman is the Managing Member, and the agent for service of process, of NB Courts. As a Member of NB Courts, Boreman is liable for the actions of NB Courts.

9. Venue for this Adversary Proceeding properly lies in the Northern District of California, Oakland Division, because Defendant NB Courts is located in this District and in Livermore, California.

## II.

## **GENERAL ALLEGATIONS**

10. Plaintiffs reallege and incorporate by reference Paragraphs 1-9 above as if set forth herein.

11. CRTTC, through Wang, contracted with NB Courts to hold and carry out the 2017 Butterfly West Coast Open Table Tennis Championships ("Tournament") at NB Courts in Livermore, CA on February 18 and 19, 2017. CRTTC and Wang entered into the contract with NB Courts because NB Court had previously held at least one professional table tennis tournament at its venue and represented to Wang and CRTTC that NB Courts had the experience to hold the Tournament there.

12. CRTTC paid NB Courts a deposit of $7,500, which NB Courts accepted and deposited (and still retains). The Tournament obtained over 225 entrants from numerous States, as well as players from Asia.

13. In and around November, 2016, CRTTC, via a series of emails with NB Courts, entered into a contract with NB Courts to hold the Tournament at NB Courts in Livermore, CA. The weekend of February 18 and 19, 2017, was reserved for the Tournament at NB Courts months in advance.

14. In fact, the Tournament was on NB Court's online calendar. Interestingly, however, the Tournament was removed from NB Court's online calender sometime the week of February 18, 2017.

15. Plaintiff CRTTC is a well established and highly reputable Table Tennis Club with a long tradition and history of organizing and holding professional table tennis tournaments.

16. Plaintiff BOWMAR is an organizer and sponsor of world-class table tennis tournaments throughout the United States and has an excellent reputation in the community. BOWMAR is also the North American distributor for Butterfly, one of the world's leading brands of high quality, professional table tennis equipment.

17. Plaintiff USA Table Tennis is the official sanctioning body for professional table tennis in the United States, and is headquartered in Colorado Springs, CO. with other Olympic sports. USA Table Tennis has been in existence for almost 100 years, and has a world-class reputation among the International Table Tennis Federation, and other International Table Tennis Associations and Federations world-wide. USA Table Tennis has organized thousands of major International tournaments with thousands of players from around the World.

18. On or about February 16, 2017, Josh Brantley, an employee of BOWMAR, flew from North Carolina to San Francisco to help set up the truck-load of equipment to be used for the Tournament. He immediately went to NB Courts, the Tournament venue, because he had unanswered questions about the setup/breakdown of the equipment (because Matt Fake, Manager of NB Courts, had not responded to Mr. Brantley's previous emails about these important issues). Mr. Brantley arrived at NB Courts at approximately 12:30pm and talked to Matt Fake, but for

only a moment because Mr. Fake was leaving the office.

19. Mr. Brantley and Mr. Fake briefly discussed about where the equipment trailer would be parked, which door we would used and what time BOWMAR could get into the venue to begin the lengthy process of setting up for the next day's Tournament. They agreed on 4:00pm to bring in some of the equipment, however the tables would have to wait until 8pm. Matt Fake said nothing to Mr. Brantley about double billing the venue (for a volleyball event) for that weekend or that the venue was unavailable. During this discussion, Mr. Fake did not disclose to Mr. Brantley, and actively concealed from Mr. Brantley, that the venue was no longer available, despite the fact that Mr. Fake had actual knowledge that the Tournament was no longer going to occur at NB Courts that weekend.

20. On February 17, 2017, Mr. Brantley met the truck driver and forklift company at NB Courts at approximately 10:00am. Matt Fake was not at the venue, but Mr. Brantley talked to him on the telephone, again confirming which door they would be using to bring equipment in and the time to start unloading the truck-full of equipment, including over 40 new, professional table tennis tables.

21. Matt Fake sent an email to Mr. Brantley and Wang at 3:15 on February 17, 2017, stating "We needed to discuss the weekend at 4pm." Mr. Brantley and his assistant Johnathan arrived at NB Courts at 4:00pm and spoke to Matt Fake. It was then that BOWMAR learned for the first time (1) that the venue was unavailable for that weekend's Tournament; (2) a volleyball event was scheduled to use the venue that weekend; (3) that the venue had been double-booked; and (4) that BOWMAR was unable, and prevented from, setting up for the Tournament the very next day.

22. Plaintiffs are informed and believe, and thereon allege, that Matt Fake and NB Courts knew for at least 3-4 days, and perhaps weeks in advance, that the venue would be unavailable for the Tournament, however they actively concealed these material facts from all Plaintiffs.

23. On February 17, 2017, Matt Fake suggested other options for a venue, but since Wang was tournament director, it was his decision. At 7:00 p.m., Mr. Brantley contacted Wang

4

and informed him of the critical problem of the double booking and the unavailability of the venue. This was the first time Wang became aware that the venue was unavailable; the day before the Tournament was to begin. NB Courts did not inform Wang directly, and yet Wang was the Tournament Director and paid the fee to NB Courts.

24. By February 17, 2017, hundreds of players from the West Coast, and Asia, had flown and driven to the Bay Area, and reserved hotel rooms, to play in this Tournament.

25. Due to the traffic and weather, it was about 8:30pm on February 17, 2017, before Wang arrived at NB Courts. Matt Fake had since left the venue. At the same time, several telephone calls occurred between Wang and Matt Fake to resolve the immediate and material scheduling conflict caused by NB Courts.

26. Plaintiffs are informed and believe, and thereon allege, that Nelson and Boreman made the decision to hold a volleyball event at the venue in lieu of the Tournament. Plaintiffs are informed and believe, and thereon allege, that Nelson and Boreman were not involved in these last minute discussions because they were unwilling to speak with Wang or Josh Brantley about the scheduling conflict.

27. On or about February 17, 2017, Mr. Brantley and Johnathan were informed by Matt Fake that Nelson and Boreman wanted the volleyball event to have the venue (the same weekend as the Tournament) and that a former employee or owner of NB Courts had apparently scheduled the volleyball event the same weekend as the Tournament. This former employee or owner allegedly did not relay the booking to other employees of NB Courts until the week of the Tournament.

28. NB Courts is in the business of organizing basketball and volleyball tournaments, leagues and practices. These two sports are its "bread and butter" and its largest clients.

29. NB Courts's web page acknowledges that volleyball is a big client. Plaintiffs are informed and believe, and thereon allege, that NB Courts receives significant income from the sport of volleyball for its tournaments, practices and leagues.

30. Plaintiffs are informed and believe, and thereon allege, that NB made the conscious decision to give the venue to a large, existing client, i.e, volleyball, and breach the contract with

1 Wang and CRTTC.

2     31.    Plaintiffs are informed and believe, and thereon allege, that NB Courts, Nelson and Boreman are liable to Defendants for breach of contract, fraud, negligence, unfair business practices and intentional breach of contract. The conduct of NB Courts in either double booking the venue, or intentionally removing the Tournament from the calender and the venue the night before the Tournament was to begin, and intentionally concealing this from Wang, CRTTC and BOWMAR until the evening before the start of the Tournament, was intentional.

    32.    Pursuant to the contract with NB Courts, Wang, BOWMAR and CRTTC were at the venue to set up for the Tournament for that weekend. As NB Courts actively participates in (1) the field of sports; and (2) organizing sporting events, it is well aware that it takes time to set up, arrange, and organize a truck-load of equipment for a large table tennis tournament. This includes approximately 40 professional table tennis tables, nets, flooring, barriers, equipment booths, and the front desk/numerous tables and extensive computer equipment for the actual logistics of running of the Tournament.

    33.    NB Courts has actual knowledge of the time, cost and effort it takes to set up a professional table tennis tournament because NB Courts previously hosted a table tennis tournament – the 2015 JOOLA TEAMS WEST. Accordingly, Defendants know (1) exactly how long it takes to set up for a professional table tennis tournament; the amount of effort involved; and (3) that hundreds of players would be making plans to fly and drive to the venue to play in the Tournament.

    34.    On February 17, 2017, the day Tournament was to be set-up, and just twelve hours before the tournament was to begin, NB Courts informed Wang, CRTTC and BOWMAR for the first time that the venue was no longer available because a volleyball event was going to be held the same weekend. Basketball and volleyball are NB Court's largest clients.

    35.    According to NB Court's web page, a volleyball event was scheduled for the weekend of February 25, 2017. Plaintiffs are informed and believe, and thereon allege, that NB Courts unilaterally accelerated the volleyball event to be held the same weekend that the Tournament was scheduled and reserved.

36. NB Courts, Nelson and Boreman breached the Contract with Wang and CRTTC, which breach also directly affected and damaged BOWMAR and USATT. And, since all Defendants knowingly prevented the Tournament from being held at the venue, and disclosing this for the first time to Plaintiffs the day before the Tournament was to begin, and in place of a volleyball event, the breach is intentional and wilful.

37. Clearly NB Courts was favoring the volleyball event at the expense of the Tournament, and this was so because volleyball is a large customer of NB Courts. So, either the venue was double-booked but never disclosed until February 17, 2017, or NB Courts simply chose, and made a conscious decision, to not honor the Contract with CRTTC and just allow volleyball to use the facility the weekend reserved for the Tournament.

38. If the venue was double-booked, NB Courts became aware of the double booking (with a volleyball event), at the latest, Tuesday, February 14, 2017. However, from Tuesday to Friday evening, NB Courts intentionally concealed its knowledge of the double booking. If CRTTC had known of this on Tuesday, it is at least possible that it could have booked another venue for the Tournament.

39. As a result of Defendants' conduct, over 225 players from all around the West Coast of the U.S., and Asia, were stranded in Livermore with no Tournament to attend and in which to participate. All of the players had paid for their travel and hotel, only to find out hours before the start of the Tournament that there would be no Tournament.

40. In the alternative, if the venue was not initially double-booked in advance, then all Defendants made the conscious decision, on the eve of the Tournament, to intentionally breach the contract with Wang and CRTTC, kick them out of the venue, unilaterally terminate the Contract and Tournament, and prevent the Tournament from occurring.

41. Hundreds of players who drove and flew to Livermore for the Tournament have likewise been damaged, as the Tournament was cancelled by Defendants without any notice to any of the players. Many players have actual out of pocket expenses, including transportation, gas, hotel, airfare, and food. Some of these players have contacted Wang and CRTTC and expressed their concern, disappointment and frustration for this enormous inconvenience and

7

their out of pocket damages.

42. Wang and CRTTC were forced to refund all entry fees to over 225 players.

43. BOWMAR'S compensatory damages total at least $13,500. The damage to its reputation is over $25,000.

44. CRTTC's compensatory damages (including those due and owing to Wang) total at least $17,152. The damage to CRTTC's reputation is over $25,000.

45. USA Table Tennis's damages total at least $10,000 to its reputation as the sanctioning body for the Tournament.

46. In addition, Plaintiffs are informed and believe, and thereon allege, that punitive damages totaling at least $250,000 are warranted against all Defendants jointly and severally.

## III.

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT, AGAINST ALL DEFENDANTS)

47. Plaintiffs reallege and incorporate by reference Paragraphs 1-46 above as if set forth herein.

48. NB Courts contracted with Wang and CRTTC to hold the Tournament at NB Courts the weekend of February 18, 2017. Wang and CRTTC paid NB Courts a total of $7,500 to reserve the venue for the Tournament.

49. NB Courts received and has retained the $7500. NB Courts has not even made an effort to return the deposit or try to return the deposit.

50. Plaintiffs made decisions about the Tournament based upon the contract with NB Courts, including advertising about the tournament, organizing the Tournament, arranging with a Hotel to be the official Tournament Hotel for the Tournament, and arranging for the receipt of entry fees with Paypal and various financial institutions

51. BOWMAR had employees fly and drive to the venue from North Carolina, and shipped a truckload of equipment to the venue, all based upon the representations of NB Courts.

52. NB Courts breached the Contract by either double-booking the venue with a volleyball event and preventing the Tournament from occurring, or in the alternative NB Courts

8

made the conscious decision to favor an existing client, volleyball, and give them the venue in place of the Tournament.

53. Defendants' conduct prevented the tournament from occurring.

54. As a direct result of the conduct of NB Courts, it breached the Contract with Wang and CRTTC.

55. As a direct result of the conduct of NB Courts, all Plaintiffs have suffered damages according to proof at trial, including compensatory damages, punitive damages, and damages as a result of a loss of reputation.

## IV.

## **SECOND CAUSE OF ACTION**

## **FRAUD AGAINST ALL DEFENDANTS**

56. Plaintiffs reallege and incorporate by reference Paragraphs 1-55 above as if set forth herein.

57. Defendants made material misrepresentations to Plaintiffs regarding holding the Tournament at the venue the weekend of February 18, 2017. Defendants represented that the venue was available that weekend and that Plaintiffs could hold the Tournament that weekend. As a result, Defendants reserved the venue for that weekend for the Tournament and received and retained the $7,500 deposit.

58. The misrepresentations were made by Defendants knowing they were false.

59. The misrepresentations made by Defendants were material.

60. Plaintiffs justifiably and reasonably relied upon the representations of Defendants.

61. By taking funds, entering into the contract, reserving the venue, and the cancelling the tournament the day before the Tournament was to begin, Defendants knew that Plaintiffs would incur wilful and malicious injury, and damages. Defendants' conduct is fraudulent, intentional willful and malicious, and was intended to cause harm to Plaintiff.

62. Defendants' actions, set forth above, were wrongful and done intentionally, and caused financial injury to all Plaintiffs. Defendants' actions were malicious and done with the subjective intent to harm Plaintiffs.

9

63. Defendants, in committing the acts set forth above, acted with oppression and malice towards Plaintiffs.

64. Defendants acted deliberately and or intentionally in committing the acts set forth above.

65. But for Defendants' misrepresentations, Plaintiffs would not have been damaged.

66. As a direct result of Defendants' material misrepresentations, Plaintiffs have been damaged according to proof at trial, including compensatory damages, punitive damages, and damages as a result of a loss of reputation.

## V.

## THIRD CAUSE OF ACTION

## NEGLIGENCE AGAINST ALL DEFENDANTS

67. Plaintiffs reallege and incorporate by reference Paragraphs 1-66 above as if set forth herein.

68. Defendants entered into the contract with Wang and CRTTC. That contract created a duty by Defendants towards Wang and CRTTC.

69. Defendants had a duty to be honest with Plaintiffs, to honor the terms of the contract, and to act in a manner in which Plaintiffs could justifiably and reasonably rely.

70. Defendants breached the duty to Plaintiffs by either double-booking the venue and then preventing the Tournament from taking place in favor of the volleyball event, or by making a conscious decision, on the eve of the Tournament, to breach the duty with Wang and CRTTC, kick them out of the venue, unilaterally terminate the Contract and Tournament, and prevent the Tournament from occurring.

71. Defendants' conduct directly caused all Plaintiffs to suffer actual damages according to proof at trial, including out of pocket damages and damages to their reputations.

72. Defendants had either a subjective motive to inflict injury upon Plaintiffs, or Defendants knew that the financial loss and other injuries would occur, or was substantially likely to occur to Plaintiffs as a result of its conduct.

73. But for Defendants' breach of duty, Plaintiffs would not have been damaged.

74. As a direct result of Defendants' negligence, Plaintiffs have been damaged according to proof at trial, including compensatory damages, punitive damages, and damages as a result of a loss of reputation.

## VI.

## FOURTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES AGAINST ALL DEFENDANTS

75. Plaintiffs reallege and incorporate by reference Paragraphs 1 -74 above as if set forth herein.

76. Defendants breached the contract, and committed fraud and negligence, with Wang and CRTTC by either double-booking the venue and then preventing the Tournament from taking place in favor of the volleyball event, or by making a conscious decision, on the eve of the Tournament, to breach the duty with Wang and CRTTC, kick them out of the venue, unilaterally terminate the Contract and Tournament, and prevent the Tournament from occurring.

77. Defendants' conduct constitutes unfair business practices pursuant to California Business and Professions Code Section 17200.

78. There is no legal or factual justification for Defendants' conduct.

79. Defendants' conduct was intentional, misleading and deceptive. Defendants' conduct was egregious, based upon greed and for financial gain.

80. Defendants' conduct is unlawful because it constitutes a breach of contract, fraud and negligence.

81. Plaintiffs seek restitution for Defendants' unfair business practices.

82. By reason of Defendants, fraudulent, deceptive, unfair, and other wrongful conduct as set forth above, Defendants have violated California Business and Professions Code Section 17200, et seq., by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of their rights to conduct the Tournament, generate a profit, and otherwise conduct their business at Defendants' venue.

83. But for Defendants' unfair business practices, Plaintiffs would not have been damaged.

11

84. As a direct result of Defendants' unfair business practices, Plaintiffs have been damaged according to proof at trial, including compensatory damages, punitive damages, and damages as a result of a loss of reputation.

WHEREFORE, Plaintiffs request a Judgment as follows:

1. That judgment be rendered in favor of all Plaintiffs and against all Defendants for (1) breach of contract; (2) negligence; (3) fraud; and (4) unfair business practices;

2. For damages in favor of Plaintiffs and against all Defendants as set forth above and according to proof at trial;

3. For punitive damages of $250,000 jointly and severally against all Defendants;

4. For reasonable attorney's fees and costs; and

5. For such other relief as the Court deems just and proper.

Dated: January 10, 2018                                Law Office of David B. Lally


                                                       David Brian Lally, Esq.
                                                       Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ECF Registration Information

Electronic Case Filing "ECF" or "e-filing" is mandatory for all civil cases in this Court. Please refer to Civil Local Rule 5-1 for the Court's rules pertaining to electronic filing.

Parties who are representing themselves pro se (without attorney representation) are not required to e-file and, in fact, may e-file only with the permission of the assigned judge.

Please review and attend to the following important notes and tasks:

- Serve this ECF Registration Information Handout on all parties in the case along with the complaint or removal notice and the other documents generated by the court upon filing.

- If not already registered, each attorney in the case must register to become an e-filer at cand.uscourts.gov/ECF. Your ECF registration is valid for life in this district; please do not register more than once.

  IMPORTANT NOTICE: by signing and submitting to the court a request for an ECF user id and password, you consent to entry of your email address into the court's electronic service registry for electronic service on you of all e-filed papers, pursuant to rules 77 and 5(b)(2)(d) of the Federal Rules of Civil Procedure.

- If you are a party and do not have an attorney and would like to e-file in the case, please visit cand.uscourts.gov/ECF/proseregistration for instructions and information. Unless and until the assigned judge has given you permission to e-file, you are required to file and serve papers in hard copy (paper) form.

- Access dockets and documents using your PACER (Public Access to Court Electronic Records) account. If your firm already has a PACER account, please use that account. It is not necessary to have individual PACER accounts for each user in your office. To set up an account, visit: pacer.gov or call (800) 676-6856.

Instructions and tips for e-filing and other information are available at cand.uscourts.gov/ECF.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

P.O. Box 355, Wilmington, New York, 12997

A true and correct copy of the foregoing document entitled (*specify*):   COMPLAINT FOR DAMAGES FOR
1. BREACH OF CONTRACT;
2. NEGLIGENCE;
3. UNFAIR BUSINESS PRACTICES; AND
4. FRAUD;  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __1/16/2018_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

VIA CERTIFIED MAIL:
NATIONAL BASKETBALL COURTS, LLC, dba NB COURTS, 6474 Patterson Pass Road, Suite E, Livermore, CA 94550

Joseph Nelson, Owner c/o NB Courts, 6474 Patterson Pass Road, Suite R, Livermore, CA 94550

Agent for service of process: Jordan Boreman, Owner c/o NB Courts, 6474 Patterson Pass Road, Suite R, Livermore, CA 94550

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 16, 2018 | David Brian Lally, Esq. | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           **F 9013-3.1.PROOF.SERVICE**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## ECF Registration Information

Electronic Case Filing "ECF" or "e-filing" is mandatory for all civil cases in this Court. Please refer to Civil Local Rule 5-1 for the Court's rules pertaining to electronic filing.

Parties who are representing themselves pro se (without attorney representation) are not required to e-file and, in fact, may e-file only with the permission of the assigned judge.

Please review and attend to the following important notes and tasks:

- Serve this ECF Registration Information Handout on all parties in the case along with the complaint or removal notice and the other documents generated by the court upon filing.

- If not already registered, each attorney in the case must register to become an e-filer at cand.uscourts.gov/ECF. Your ECF registration is valid for life in this district; please do not register more than once.

  IMPORTANT NOTICE: by signing and submitting to the court a request for an ECF user id and password, you consent to entry of your email address into the court's electronic service registry for electronic service on you of all e-filed papers, pursuant to rules 77 and 5(b)(2)(d) of the Federal Rules of Civil Procedure.

- If you are a party and do not have an attorney and would like to e-file in the case, please visit cand.uscourts.gov/ECF/proseregistration for instructions and information. Unless and until the assigned judge has given you permission to e-file, you are required to file and serve papers in hard copy (paper) form.

- Access dockets and documents using your PACER (Public Access to Court Electronic Records) account. If your firm already has a PACER account, please use that account. It is not necessary to have individual PACER accounts for each user in your office. To set up an account, visit: pacer.gov or call (800) 676-6856.

Instructions and tips for e-filing and other information are available at cand.uscourts.gov/ECF.